Waties, J.,
declared the opinion of the whole court, except TuitzEVANT, J., .absent, sick. It .appears the demand in question was not known by the plaintiff to exist at the time the receipt *224 was given, and, therefore, could not have been in the view, or consideration of the plaintiff, at that time. It does not appear that he ought to have known it at the time, for it is founded on the fraud of the plaintiff, which might not have been discovered when the . ” . .. , , , , , receipt was given. Even if it had appeared that there was a mistake in the settlement of accounts, and the defendant could prove how it happened, his receipt in full of all demands, would not preclude him for doing so.
Note. A receipt in full, is conclusive evidence, when given under a knowledge of all circumstances then depending between the parties; aliter, when given without such knowledge. 1 Espin Eep. 172. Bristow, ci at. v. Eastman. A receipt is not conclusive evidence against the party signing it; for he may shew he did not receive the sum, or thing, in question. 2 I). and E 366. This agrees with the doctrine of the civil and French law. See Pothier on Obligations, part 1, n. 98, page 63, 1 vol.
New trial refused.